IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 23, 2010

Lyle W. Cayce
Clerk

No. 09-41039

KELVIN ANDRE SPOTTS; BILLY AGUERO; MARCUS T. ARNOLD;
BAENA JOSE MENDOZA; LLOYD BATTLES; ET AL,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

ON PETITION FOR REHEARING

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:

The plaintiffs–appellants petition under Federal Rule of Appellate Procedure 40 for panel rehearing. In the challenged opinion, Spotts v. United States, — F.3d —, 2010 WL 2991759, at *6 (5th Cir. 2010), we concluded, in relevant part, that the plaintiffs had forfeited their argument that the alleged Eighth Amendment violation precluded the operation of the discretionary function exception of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a), by failing to raise it before the district court. The plaintiffs contend that we

erred in finding forfeiture. For the reasons discussed below, we reaffirm our conclusion that forfeiture occurred and accordingly deny rehearing.

The plaintiffs' complaint alleged, as one of the predicate torts for its FTCA claim, that the Government violated the Eighth Amendment—a "constitutional tort." There was no allegation that the alleged Eighth Amendment violation precluded the operation of the discretionary function exception.

The case was assigned to a magistrate judge for pretrial proceedings. The Government filed a motion to dismiss before the magistrate judge, arguing, as one basis for dismissal, that under the Supreme Court's precedent in FDIC v. Meyer, 510 U.S. 471 (1994), the alleged Eighth Amendment violation could not function as a predicate tort under the FTCA because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." Id. at 478. The plaintiffs responded that their Eighth Amendment claim was in fact a viable predicate tort because its elements overlapped exactly with the elements of actionable state law torts. The plaintiffs went on to argue, without explication, that "[t]his brings us full circle back to the discretionary judgment exception," and quoted Avery v. United States, 434 F. Supp. 937, 944 (D. Conn. 1977) ("If trespasses in violation of government regulations are not 'discretionary functions,' then, a fortiori, trespasses in violation of constitutional guarantees are not 'discretionary functions.'"). This reference to the discretionary function exception forms the basis for the plaintiffs' motion for panel rehearing.

In ruling on the motion to dismiss, the magistrate judge recommended that, regardless of the merits of any of the predicate torts, the discretionary function exception applied and required dismissal of the plaintiffs' FTCA claims. The plaintiffs filed objections to the magistrate judge's report, raising two points of error on this issue: that the operation of the discretionary function exception was precluded by 1) the Safe Drinking Water Act, 42 U.S.C. §§ 300f et seq., and 2) the Bureau of Prisons Program Statements. They did not argue that the

alleged Eighth Amendment violation precluded the operation of the discretionary function exception. The plaintiffs referenced the Eighth Amendment only in a concluding paragraph, in which they argued that the Government had, in fact, committed numerous tort violations, including a violation of the Eighth Amendment. This emotional plea was not relevant to the magistrate judge's holding that, regardless of the merits of the predicate torts, the discretionary function exception applied.

To the extent that the plaintiffs' response to the motion to dismiss before the magistrate judge can be read as arguing that the alleged Eighth Amendment violation should preclude the operation of the discretionary function exception, they nevertheless forfeited this argument by failing subsequently to assert it in their objections to the magistrate judge's report. See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1420, 1428–29 (5th Cir. 1996) ("[A] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation . . . shall bar that party . . . from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court." "Absent such a rule . . . the court of appeals [would be forced] to consider claims that were never reviewed by the district court." (internal quotation marks omitted)). It was not until their appeal to this court that the plaintiffs argued that the magistrate judge erred in failing to conclude that the alleged Eighth Amendment violation precluded the operation of the discretionary function exception. By that time, the argument was forfeited.

The plaintiffs did not timely raise their argument that the alleged Eighth Amendment violation precluded the operation of the discretionary function exception. Accordingly, we DENY the petition for panel rehearing.

DENIED.